IN THE MATTER OF AN ARBITRATION UNDER THE ARBITRATION RULES OF THE INTERNATIONAL COURT OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE

ICC Case No 21717/MHM

BETWEEN:

WJ HOLDING LIMITED

(CYPRUS)

Claimant

and

TRANSDNIESTRIAN MOLDOVIAN REPUBLIC

(MOLDOVA)

Respondent

---

ADDENDUM

30 August 2018

---

Before the Arbitral Tribunal:

Noah Rubins
Sophie Nappert
Galina Zukova

1.  The Claimant, WJ Holding Limited (Cyprus) (Claimant or WJ Holding) is a company incorporated in Cyprus and engaged in grain trade and vegetable oil production in the Black Sea region of the former USSR. The Claimant is the remaining parent holding company of the WJ group of companies. The Respondent in these Proceedings is the Transdniestrian Moldovian Republic (**Respondent** or **TMR**).

2.  The Claimant's contact details are:

    WJ Holding Limited
    45 Digenis Akritas, Pamboridis Building, 1070
    Nicosia
    Cyprus

    The Claimant was represented in the arbitration by:

    William Z. Scheider
    Schneider Law Group
    150 Broadway, Suite 900
    New York, NY 10038
    United States of America
    Email: wzs@wzslaw.com

    Delphine Nougayrède
    Avocat à la Cour
    82 Boulevard Flandrin
    75116 Paris
    France
    Email: dn@lawoffice-avocats.com

3.  The Respondent's contact details are:

    Transdniestrian Moldavian Republic
    President of the TMR
    Minister of Economic Development
    57 Sverdlova St
    3300 Tiraspol
    Moldova
    Email: economy.pmr@gmail.com; boltrushko@mer.gospmr.org
    Chairman of the Government of the TMR
    45 25th October St
    3300 Tiraspol
    Moldova
    Email: ud.pmr@gov-pmr.org; office@gov-pmr.org

       The Respondent was not represented by external counsel.

4.     The arbitrators are:

       Noah Rubins (President)
       Freshfields Bruckhaus Deringer LLP
       2 rue Paul Cézanne
       75008 Paris
       France
       noah.rubins@freshfields.com

       Sophie Nappert (co-arbitrator)
       3 Verulam Buildings
       Gray's Inn
       London WC1R 5NT
       United Kingdom
       snappert@3vb.com

       Galina Zukova (co-arbitrator)
       Bélot Malan et Associés
       60 avenue Raymond Poincaré
       75116 Paris
       France
       g.zukova@bmavocats.com

5.     The Arbitral Tribunal issued its Final Award in this arbitration on 6 June 2018. It was delivered to the Claimant on 19 June 2018 and delivered to the Respondent on 18 June 2018.

6.     On 22 June 2018, the Claimant submitted an Application for Correction of the Final Award.

7.     On 2 July 2018, the Arbitral Tribunal wrote to the Respondent, inviting it to provide any comments on the Application no later than 9 July 2018. As at the date of this Addendum, the Respondent has not replied to the Arbitral Tribunal's invitation.

8.     In the Application, the Claimant requests several changes to the Final Award pursuant to Article 35 of the ICC Rules (2012). Its position is that all of the changes requested pertain to "clerical, computational or typographical" errors, or mistakes of a similar nature (Application, para 3).

9. Article 35 of the ICC Rules provides, in relevant part:

> *2. Any application of a party for the correction of an error of the kind referred to in Article 35(1), or for the interpretation of an award, must be made to the Secretariat within 30 days of the receipt of the award by such party, in a number of copies as stated in Article 3(1). After transmittal of the application to the arbitral tribunal, the latter shall grant the other party a short time limit, normally not exceeding 30 days, from the receipt of the application by that party, to submit any comments thereon. The arbitral tribunal shall submit its decision on the application in draft form to the Court not later than 30 days following the expiration of the time limit for the receipt of any comments from the other party or within such other period as the Court may decide.*
>
> *3. A decision to correct or to interpret the award shall take the form of an addendum and shall constitute part of the award. The provisions of Articles 31, 33 and 34 shall apply mutatis mutandis.*

10. Having considered the Application and deliberated, the Arbitral Tribunal finds as follows.

   a. *Para 139*

11. The Claimant requests that the words "the view" be inserted between the words "taken" and "that" in paragraph 139 of the Final Award. This is indeed a typographical error. The request for correction is accepted.

   b. *Paras 225 and 226*

12. The Claimant requests that references in paragraphs 225 and 226 to Article 5.2 of the 2003 Agreement be changed to Article 5.3. This is indeed a typographical error. The request for correction is accepted.

   c. *Investments 2012-2014*

13. The Claimant seeks correction of paragraphs of the Award dealing with the Arbitral Tribunal's assessment of the investments made during the 2012-2014 period. In particular, it refers to paragraph 232 of the Award, which reads in relevant part:

> *The total sum claimed by the Claimant of US$6,343,923 (subsequently corrected to US$6,342,923) is an aggregate sum of loans made by Claimant (US$3,881,842) (versus earlier submitted figure of US$3,981,466) and its sister companies Stubrick (US$2,061,081) (versus earlier submitted figure of*

> *US$1,408,683) and Grain-Oil (US$400,000). These figures are said to be drawn from the Baker Tilly assessments, but those sources in fact show that the Claimant loaned US$3,632,432, Stubrick loaned US$1,484,627, and Grain-Oil US$400,000. Since the Claimant has sought compensation based upon the amount loaned as a proxy for the amount spent, and given that on its case it funded the investments exclusively by means of these loans, it can only be awarded damages on the basis of the actual loan amounts. The Tribunal must therefore retain these lower figures, which total US$5,517,059, as the base for the Claimant's compensation claim under this heading.*

14. The Claimant points out that the Baker Tilly Report (Exhibit C-82) in fact does confirm the full amounts claimed to have been spent by the Claimant. Specifically, on page 5 of the Baker Tilly Report, the numbers conform to those presented by the Claimant, and Baker Tilly confirmed on page 3 that it had tested the full amounts of US$3,881,842 from the Claimant, US$2,061,081 from Stubrick and US$400,000 from Grain-Oil.

15. The Claimant has provided an annotated copy of the relevant page of the exhibit, which demonstrates that the sums recognized by the Arbitral Tribunal took account of only part of the investments tested by Baker Tilly, listed in two tables in the middle of page 5 of C-82. The remaining portion is presented in two separate tables at the bottom of page 5.

16. Having reviewed the documentation in question, the Tribunal accepts that the recognition of the lesser amounts as the base for calculating compensation under this head of claim was the result of an oversight similar to that is similar in nature to a computational error. On this basis, the Tribunal accepts that paragraph 232 should be corrected as follows:

> *The total sum claimed by the Claimant of US$6,343,923 (subsequently corrected to US$6,342,923) is an aggregate sum of loans made by Claimant (US$3,881,842) (versus earlier submitted figure of US$3,981,466) and its sister companies Stubrick (US$2,061,081) (versus earlier submitted figure of US$1,408,683) and Grain-Oil (US$400,000). These figures are drawn from the Baker Tilly assessments. Those sources in fact show Baker Tilly's conclusion based on "100% testing" that the Claimant, Stubrick, and Grain-Oil loaned the amounts claimed. Since the Claimant has sought compensation based upon the amount loaned as a proxy for the amount spent, and given that on its case it funded the investments exclusively by means of these loans, it can be awarded damages on the basis of the amounts claimed , which total US$6,342,923, as the base for the Claimant's compensation claim under this heading.*

17. As a result of this correction, further correction must be made to paragraphs 240 and 242 of the Award, with modification of paragraph 240 as follows:

> *... As noted, Baker Tilly verified based upon primary documentation the receipt by the Bender Plant from WJ Holding, Stubrick and Grain-Oil the sum of US$6,342,923 over the period 2012-2014. ...*

Paragraph 242 of the Award is modified as follows:

> *The Tribunal has already determined in paragraph 232 above that the proper base for compensation under this heading is US$6,342,923, which is the sum of intra-company loans reflected in the evidentiary record. Based on the foregoing considerations, the Claimant is entitled to repayment of the full amount (US$6,342,923), less the sums identified by Baker Tilly as associated with "income tax" (US$269,014) and "rent and heating" expenses (US$137,963). The total awarded under this head of damages is therefore US$6,025,946,.*

18. The Claimant aptly points out that these modifications also make it necessary to correct the calculation of the contractual penalty, which is dealt with further below.

   d.   *Contractual Penalty*

19. The Claimant first refers to paragraph 277, where the word "until" appears to be missing. The Arbitral Tribunal agrees that this was a typographical error. Paragraph 277 should therefore be modified as follows:

> *In fact, the obligation was fulfilled only until the export duty was repealed by Decree No. 62 on 12 February 2013.*

20. Next the Claimant requests the revision of a sum of figures appearing at the end of paragraph 280 of the Award. However, because the sums there indicated must themselves be changed as a result of the corrections that the Arbitral Tribunal has made above, that part of the Claimant's request is rendered unnecessary.

21. The correction of the amount awarded in relation to the investment refund claim necessitates the modification of all calculations that were based upon the prior erroneous figure. This is a computational error falling squarely within the ambit of Article 35 of the ICC Rules.

22. Moreover, as the Claimant points out, in paragraph 280 of the Award the Arbitral Tribunal refers to the "total" amount awarded as the basis for the calculation of contractual penalties. But the amount indicated (US$5,110,082) omits the amount awarded by the Arbitral Tribunal at paragraph 229 of the Award (US$3,818,684). The Arbitral Tribunal agrees that this is incorrect, and is a typographical and/or computational error that must be corrected.

23. On this basis, paragraph 280 of the Award should be corrected as follows:

> *The Claimant has been awarded a total of US$9,844,630 (US$3,818,684 plus US$6,025,946). As noted, the Claimant seeks payment of the penalty only from 1 October 2014. Article 5.4 imposes an initial 9% penalty for the first thirty days (from 1 to 31 October 2014). This amount is US$886,016 (9,844,630 \* 9%). The TRB refinancing rate on 1 November 2014 was 3.5%, and it remained at this level until 15 February 2017 – when it rose to 7% per annum. For the period when the applicable rate was 3.5%, the penalty accrued was US$790,132 (US$9,844,630 \* 3.5% / 365 = US$944 per day, \* 837 days = US$790,132). For the remaining period until the date of this award (inclusive), the penalty at 7% is US$902,469 (US$9,844,630 \* 7% / 365 = US$1,888 per day, \* 478 days = US$902,464). The total penalty for the period 1 October 2014 to 6 June 2018 is thus US$2,578,617.*

e. *Contractual Penalty*

24. The corrections made by the Arbitral Tribunal to the Award in accordance with the Claimant's requests and Article 35 of the ICC Rules necessitate modification of the operative part of the Award at Article 295. This constitutes a correction of a clerical nature in light of the other corrections made.

25. Paragraph 295(d) should therefore be modified as follows:

> (d)  *ORDERS the Respondent to pay to the Claimant*
>
>     (i)  *US$1,050,000 as reimbursement of the purchase price for the shares in OJSC Bendery;*
>
>     (ii)  *US$2,768,684 as compensation for investments made during the period 2003-2011;*
>
>     (iii)  *US$6,025,946 as compensation for investment made during the period 2012-2014; and*

      (iv)    *US$2,578,617 corresponding to the contractual penalty applicable to items (i)-(iii) above.*

26.    On the basis of the foregoing considerations, the Tribunal hereby corrects the Final Award as follows:

    (a)    Paragraph 139 is modified in accordance with paragraph 11, above;

    (b)    Paragraphs 225 and 226 are modified in accordance with paragraph 12, above;

    (c)    Paragraph 232 is modified in accordance with paragraph 16, above;

    (d)    Paragraphs 240 and 242 are modified in accordance with paragraph 17, above;

    (e)    Paragraph 277 is modified in accordance with paragraph 19, above;

    (f)    Paragraph 280 is modified in accordance with paragraph 23, above; and

    (g)    Paragraph 295(d) is modified in accordance with paragraph 25, above.

Place of arbitration: Paris, France.

Date:    30 August 2018.

_____
Noah Rubins

President

_____
Sophie Nappert

Co-arbitrator

_____
Galina Zukova

Co-arbitrator