UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WJ HOLDING LIMITED,

                           Petitioner,                           Case No.

           - against -

TRANSDNIESTRIAN MOLDOVIAN REPUBLIC,
TRANSNISTRIAN REPUBLICAN BANK and CJSC
TRANSNISTRIAN SBERBANK,

                           Respondents.
------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRATION AWARD AND FOR RELATED RELIEF**


                                                **LAW OFFICE OF JEFFREY FLEISCHMANN PC**

                                                By: /s/Jeffrey Fleischmann
                                                      Jeffrey Fleischmann, Esq.
                                                150 Broadway, Suite 900
                                               New York, New York 10038
                                               Tel. (646) 657-9623
                                               Fax (646) 351-0694
                                               jf@lawjf.com

                                               *Attorneys for Petitioner WJ Holding Limited*

1

**PRELIMINARY STATEMENT**

This Memorandum is submitted on behalf of Petitioner WJ Holding Limited ("Petitioner" or "WJ Holding") in support of its Petition to recognize and enforce a foreign arbitration award against Respondent Transdniestrian Moldovian Republic ("Respondent," "TMR" or the "Republic") pursuant to United Nations Convention of the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 1957, which was acceded to in the United States on December 29, 1970 ("N.Y. Convention") and implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201.  This Court has jurisdiction over these proceedings pursuant to 9 U.S.C. § 203.  The arbitration was in all respects proper and the award is final and binding.  Accordingly, Petitioner respectfully requests recognition and enforcement of this award, and the entry of judgment in the sum of $12,423,247.00.

Further, Petitioner seeks a declaratory judgment and a corresponding Order granting Petitioner turnover of all monies and/or assets held or maintained by or on behalf of Respondent with respondents Transdnistrian Republican Bank ("Transnistrian Bank") and CJSC Transnistrian Sberbank ("CJSC Sberbank")[1], including, but not limited to, with Citibank, N.A. ("Citibank") or any other financial institution(s) located in the United States, up to and including the full amount of the Judgment anticipated to be entered by this Court.  As described in Petition, Transnistrian Bank and CJSC Sberbank were established by and are state owned by the TMR and exercise authority and the right to maintain, own, use and dispose of property assigned to or acquired on behalf of the TRM.  As such, each is an organ and/or instrumentality of the TMR, including in connection with the maintenance of assets in the United States and, therefore, stand in the shoes of the TMR

---

[1]  For purposes of this memorandum of law, only Transdniestrian Moldovian Republic will be referred to herein as "Respondent."

2

with respect to its financial dealings in the United States. Petitioner, therefore, should be permitted to enforce any Judgment entered in its favor and against Respondent against each of Transnistrian Bank and CJSC Sberbank and to reach assets held by them on behalf of Respondent.

## FACTUAL AND PROCEDURAL BACKGROUND

Claimant WJ Holding Limited ("WJ Holding") is a Cyprus corporation located at 45 Digenis Akritas, Pamboridis Building, 1070, Nicosia, Cyprus. It is engaged in the grain trade and vegetable oil production in the Black Sea region of the former USSR. It is the remaining holding company of the WJ group of companies, an international group of companies founded by four United States citizens, and formerly a well-known regional leader in grain trading and vegetable oils. Petitioner is now solely owned by Yuri Drukker.

Respondent Transdniestrian Moldovan Republic is a region of the Republic of Moldova exercising authority over the area between Modova's border with Ukraine and the Dniester River. Its presidency is located at 57 Sverdlova Street, 3300 Tiraspol, Moldova.

This dispute arose out of an agreement to acquire one-hundred (100%) percent of the shares in OJSC Bender Seed Crushing Plant, a Transdniestrian company that owned a large industrial facility located in the City of Bender in the TMR (the "Bender Plant"), which was previously owned by the TMR government.

Petitioner submitted its request to arbitrate to the ICC on February 26, 2016. The ICC notified Respondent that it had 30 days to answer on April 7, 2016. No answer was submitted. On July 7, 2016, the ICC fixed Paris as the place of arbitration. Sophie Nappert was appointed as an arbitrator upon Petitioner's nomination, while Galina Zukova and Noah Rubbins were appointed directly by the ICC. On August 31, 2016, Respondent's Minister of Economic

Development, Mr. Dmitry Boltrushko, confirmed Respondent's intention to participate in the arbitration.

On May 18, 2017, a hearing was held in Paris, France attended by the parties. On October 13, 2017, the parties submitted their closing written submissions and, on November 10, 2017, the proceedings were declared closed.

On June 6, 2018, the Panel issued a 98-page award ordering, inter alia, Respondent to pay $1,050,000.00 as reimbursement of the purchase price for shares in OSJC Bendery, $2,768,684.00 as compensation for investments made during the period of 2003-2011, $5,110,082.00 as compensation for investments made during the period 2012-2014, and $878,570.00 as a contractual penalty. The Award was modified by Addendum dated August 30, 2018, which, *inter alia*, increased the award of $5,110,082.00 to $6,025,946.00.00 as compensation for investments made during the period 2012-2014, and the $878,570.00 award to $2,578,616.00 as the contractual penalty.

## ARGUMENT

### I.

### THE ARBITRATION AWARD SHOULD BE CONFIRMED

This Court has jurisdiction over this Petition pursuant to 9 U.S.C. § 203 which provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

"Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-08, which codifies the New York Convention, governs arbitration agreements that arise from a 'legal relationship,

whether contractual or not, which is considered commercial,' except when those relationships are 'entirely between citizens of the United States' and are otherwise domestic in nature." *Albtelecom SH.A v. UNIFI Communications, Inc.*, 2017 WL 2364365, at *3-4 (S.D.N.Y. May 30, 2017) (*quoting*, 9 U.S.C. § 202). Where "an agreement to arbitrate 'involve[s] parties domiciled or having their principal place of business outside [the United States],' that agreement is governed by the [New York] Convention." *Albtelecom,* 2017 WL 2364365, at *3-4 (*quoting*, *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,* 126 F.3d 15, 19 (2d Cir. 1997).

When a party seeks confirmation of an arbitral award under the New York Convention, the standard of review is very narrow: "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. "Article V of the Convention specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). Under the Convention, a court may refuse to recognize an award only where:

    (a) The parties to the agreement ... were ... under some incapacity, or the said agreement is not valid under the law ...; or

    (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings ...; or

    (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration ...; or

    (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties ...; or

    (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

*See BSH Hausgerate GmbH v Kamhi*, 291 F. Supp. 3d 437, 440 (S.D.N.Y. 2018)(*quoting*, Convention art. V(1)) (alterations in original).

"Enforcement may also be refused if '[t]he subject matter of the difference is not capable of settlement by arbitration,' or if 'recognition or enforcement of the award would be contrary to the public policy' of the country in which enforcement or recognition is sought." *BSH Hausgerate GmbH v. Kamhi*, 291 F. Supp. 3d 437, 440 (S.D.N.Y. 2018) (*quoting*, Convention art. V(2) (alterations in original).

"The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F3d 85, 90 (2d Cir 2005). "The burden is a heavy one, as 'the showing required to avoid summary confirmance is high.'" *Id.* (citations and quotations omitted).

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *BSH Hausgerate GmbH v. Kamhi*, 291 F. Supp. 3d 437, 441 (S.D.N.Y. 2018)(citations and quotations omitted). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (citations and quotations omitted).

Here, Respondent will be unable to demonstrate any of enumerated potential bases for this Court to decline confirmation of the Award. The arbitrators, having considered the evidence presented at the arbitration hearing and in the written submissions, rendered the binding final award submitted with the Petition. The award is clearly reasoned based upon the evidence and facts of the case, and was properly rendered. The New York Convention, therefore, requires this Court to recognize and enforce the Award unless Respondent can meet its very heavy burden to

demonstrate one of the enumerated grounds for not recognizing the Award.  Again, Respondent cannot meet this heavy burden.  Therefore, judgment should be entered for the full amount of the Award.

## II.

### A DECLARATORY JUDGMENT AND TURNOVER ORDER SHOULD BE ENTERED AGAINST TRANSNISTRIAN BANK AND CJSC SBERBANK

As set forth in the Petition, Transnistrian Bank is the state owned Central Bank of the Republic that, as an organ of the TMR, also owns CJSC Sberbank, in whole or in part.  Upon information and belief based on a review of its website, Transnistrian Bank is empowered independently to exercise authority and right to own, use and dispose of property assigned to or acquired by it on behalf of the Republic and to maintain gold reserves on behalf of the Republic.  Upon information and belief, all U.S. dollars funds held by Respondent, including, but not limited to, customs payments made to its Customs Committee by exporters from and importers to Transnistria, are held in accounts maintained at CJSC Sberbank.

Moreover, according to CJSC Sberbank's website, Citibank N.A. ("Citibank") in New York functions as its intermediary institution in the United States.  As such, CJSC Sberbank maintains a correspondent bank account relationship with and/or involving Citibank.  Upon information and belief, therefore, Citibank is designated by CJSC Sberbank to manage transfers of U.S. dollars in connection with matters involving Respondent in the United States, and holds and maintains U.S. funds that are destined for delivery to and receipt by Respondent in its bank accounts held and maintained at CJSC Sberbank.

CPLR article 52 sets forth procedures for the enforcement of money judgments in New York.  CPLR § 5225(b) enables a judgment creditor to seek satisfaction of a judgment by the commencement of a proceeding against a third person in possession or custody of money or

7

property in which the judgment debtor has an interest. Specifically, CPLR § 5225(b) "provides for an expedited special proceeding by a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment." *Matter of Signature Bank v. HSBC Bank USA, N.A.*, 67 A.D.3d 917, 918, (2d Dep't 2009), *quoting*, CPLR § 5225(b). A related provision is CPLR § 5227 that is applicable where the garnishee is indebted to the judgment debtor.

Further, CPLR § 5201(a) provides that:

> "[a] money judgment may be enforced against any debt, which is past due or which is yet to become due…unless it is exempt from application to the satisfaction of judgment. A debt may consist of a cause of action which could be assigned or transferred accruing within or without the state.

See CPLR § 5201(a). And, such "money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested…" See CPLR § 5201(b).

It is undisputed that Petitioner is a creditor of Respondent TMR by virtue of the Award and, ultimately, by virtue of any Judgment entered by this Court based on the instant application. To date, no part of the Award has been paid or satisfied and it is anticipated that Petitioner, owned by a United States citizen, likely will be unable to enforce the Judgment against the TMR other than via enforcement of an order by this Court mandating the turnover of assets maintained or held on behalf of TMR by Transnistrian Bank and/or CJSC Sberbank in the United States. As described above, according to its own publicly available information, CJSC Sberbank has a banking relationship with Citibank and utilizes the services of Citibank to maintain assets in the United States on behalf of Respondent. The foregoing statutory authority provides a means for a judgment creditor like Petitioner to satisfy its judgment.

8

Accordingly, it is respectfully submitted that this Court should enter a declaratory judgment that Petitioner has the right and should be permitted to enforce any Judgment entered by this Court respecting the Award in its favor and against each of Transnistrian Bank and CJSC Sberbank and to reach assets held by them in the United States on behalf of Respondent in an amount up to and including the amount of such Judgment, plus accrued interest.

Further, it is respectfully submitted that, pursuant to CPLR §§ 5201, 5225 and 5227, this Court should order the turnover by Transnistrian Bank and CJSC Sberbank of assets belonging to Respondent that are maintained by them or on their behalf by Citibank or any other third-party bank or other financial institution located in the United States up to and including the full amount of the Judgment, plus accrued interest.

## **CONCLUSION**

Petitioner respectfully requests that the Court enter an order and judgment recognizing and enforcing the award as a judgment of this Court; that it declare and adjudge that Petitioner has the right and should be permitted to enforce the Judgment entered in its favor and against each of Transnistrian Bank and CJSC Sberbank and to reach assets held by them in the United States on behalf of Respondent in an amount up to and including the sum of the Judgment, plus accrued interest; that is grant Petitioner an order of turnover against Transnistrian Bank and CJSC Sberbank with respect to monies and assets belonging to Respondent that are maintained by them or on their behalf by Citibank or any other third-party bank or other financial institution located in the United States up to and including the full amount of the Judgment, plus applicable interest; and that this Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
      July 2, 2019               LAW OFFICE OF JEFFREY FLEISCHMANN PC

                                       By: __/s/ Jeffrey Fleischmann, Esq.__
                                               Jeffrey Fleischmann, Esq.
                                     150 Broadway, Suite 900
                                     New York, New York 10038
                                     Phone: (646) 657-9623
                                     Fax: (646) 351-0694
                                     Email: jf@lawjf.com
                                     *Attorneys for Petitioner WJ Holding Limited*