UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WJ HOLDING LIMITED,

       Petitioner,

  -v-                                                          No. 19 CV 6260-LTS

TRANSDNIESTRIAN MOLDOVIAN
REPUBLIC, TRANSNISTRIAN
REPUBLICAN BANK and CJSC
TRANSNISTRIAN SBERBANK,

       Respondents.

-------------------------------------------------------x

### MEMORANDUM ORDER AND ORDER TO SHOW CAUSE

       Petitioner WJ Holding Limited ("Petitioner" or "WJ Holding") filed a petition (docket entry no. 1, the "Petition") to confirm an arbitration award issued by the International Chamber of Commerce ("ICC") against Respondent Transdniestrian Moldovian Republic ("Respondent" or the "TMR").[1]  In February 2016, the Petitioner commenced arbitration against the TMR as a result of a dispute between the parties stemming from an agreement in which Petitioner was to acquire a Transdniestrian company previously owned by the TMR.  (See Petition at ¶¶ 24-27.)  On June 6, 2018, the ICC Panel issued a 98-page award finding, inter alia, that Respondent breached its contract with the Petitioner and, by way of an Addendum dated August 30, 2018, ordering the Respondent to pay Petitioner $12,423,247.00 in damages.  (See Affidavit of Yonatan Jacobs in Support of Petitioner's Motion for Default Judgment Or, In the Alternative, For Summary Judgment ("Jacobs Aff."), docket entry no. 37, at ¶ 4 (citing Jacobs

---

[1]     The TMR is a region of the Republic of Moldova that exercises authority over the area between Moldova's border with Ukraine and the Dniester River. See Petition at ¶ 11.  It is an unrecognized, separatist region of Moldova.  See docket entry no. 36 at 1.

Aff. at Exh. B, the "Award")).)  On July 7, 2020, Petitioner filed a motion for default judgment or, in the alternative, for summary judgment seeking to confirm the Award.  (See docket entry no. 35.)  Although the Respondent was served with all applicable filings, Respondent has neither opposed the Petitioner's motion, nor otherwise appeared in this case.

Federal Rule of Civil Procedure 55, which governs motions for default judgments, "does not provide the appropriate mechanism for considering a petition to confirm an arbitration award, particularly where . . . the non-appearing party appeared in the underlying arbitration proceeding."  Korean Trade Ins. Corp. v. Eat It Corp., No. 14-cv-3456, 2015 WL 1247053, at *3 (E.D.N.Y. Mar. 16, 2015).  Accordingly, because the TMR participated in the underlying ICC arbitration, and the Court therefore has a record upon which it can base its determination as to whether the Award should be confirmed—that is, the parties' agreement and the Award itself—the Court construes WJ Holding's application to confirm the Award as "an unopposed motion for summary judgment."  Id.

The Court has jurisdiction of the Petition pursuant to 9 U.S.C. section 203.  The Court has reviewed carefully the Petition and supporting materials and concludes that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as there is "more than a barely colorable justification for the outcome reached."  D.H. Blair & Co., Inc. v. Cottdiener, 462 F.3d 95, 110 (2d Cir. 2006).  The Court further notes that the Petitioner's submission represents that the Award has not been vacated, modified or corrected (see Jacobs Aff. at ¶ 7), and the Court finds no justification in the record to conclude otherwise.

For these reasons, the Court grants the Petitioner's motion for summary judgment to the extent it seeks a confirmation of the Award's provision for damages in the amount of $12,423,247.00.  Petitioner's request for interest on the damages provided for in the Award is

denied insofar as Petitioner seeks any pre-judgment interest, as the Award does not provide for interest.  Post-judgment interest will accrue on the award from entry of judgment, in accordance with 28 U.S.C. section 1961.

The Award is hereby confirmed and Petitioner shall recover $12,423,247.00 from Respondent Transdniestrian Moldovian Republic in respect of Count I of the Petition.  This Memorandum Order resolves docket entry no. 35.

## ORDER TO SHOW CAUSE

Petitioner is hereby directed to show cause, by written submission filed no later than **February 5, 2021**, as to why all claims should not be dismissed without prejudice as against Respondents Transnistrian Republican Bank and CJSC Transnistrian Sberbank, and why Counts II and III of the Petition should not be dismissed without prejudice as against Respondent Transdniestrian Moldovian Republic, as Petitioner has neither demonstrated grounds for the exercise of subject matter jurisdiction of the claims in Counts II and III nor pursued relief in respect of those claims.  Judgment will be entered against Respondent TMR on Count I, as set forth above, following the resolution of the outstanding Counts.

SO ORDERED.

Dated: New York, New York
       January 21, 2021

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge